IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |
|---|---|
| AT&T INC., AT&T ENTERPRISES LLC, AT&T COMMUNICATIONS LLC, AT&T MOBILITY LLC, AT&T MOBILITY II LLC, and AT&T SERVICES, INC., <br><br> Movants, <br><br> v. <br><br> NIXON PEABODY LLP, <br><br> Respondent. | Case No. 26-cv-8471 <br><br> (Relating to: *Lemko Corporation v. AT&T Inc., AT&T Enterprises LLC, AT&T Communications LLC, AT&T Mobility LLC, AT&T Mobility II LLC, and AT&T Services, Inc.*, No. 2:25-cv-00305-JRG (E.D. Tex., Marshall Division)) |

MOVANTS' MOTION TO COMPEL COMPLIANCE
WITH SUBPOENA DUCES TECUM

Movants AT&T Enterprises LLC, AT&T Mobility LLC, AT&T Mobility II LLC, and AT&T Services, Inc. (collectively, "AT&T" or "Movants") respectfully move this Court under Federal Rule of Civil Procedure 45(d)(2)(B)(i) for an order compelling Respondent Nixon Peabody LLP ("Nixon Peabody" or "Respondent") to comply with subpoenas duces tecum served upon it in connection with *Lemko Corporation v. AT&T Inc., AT&T Enterprises LLC, AT&T Communications LLC, AT&T Mobility LLC, AT&T Mobility II LLC, and AT&T Services, Inc.*, No. 2:25-cv-00305-JRG (E.D. Tex.) (the "AT&T Case")[1]. In support of this Motion, Movants state as follows:

BACKGROUND

1.      AT&T is a defendant in the AT&T Case, a patent infringement action brought by Lemko Corporation ("Lemko") in the United States District Court for the Eastern District of Texas.

---

[1] AT&T Inc. and AT&T Communications LLC were dismissed from the underlying litigation pursuant to the Order Granting the Notice of Voluntary Dismissal without Prejudice (Dkt. 29).

1

The patents asserted therein were filed by named inventor Shaowei Pan and assigned to Lemko. These patents are the same as or related to patents at issue in *Motorola, Inc. v. Lemko Corporation, Shaowei Pan, Hanjuan Jin, Xiaohua Wu, Xuefeng Bai, and Xiaohong Sheng*, No. 08 CV 5427 (N.D. Ill.) (the "Motorola Litigation"), in which Motorola alleged theft of trade secrets, joint inventorship, and asserted that it was the rightful owner of patents filed by Pan. Nixon Peabody LLP served as counsel for Motorola in the Motorola Litigation.

2. On April 14, 2026, AT&T caused subpoenas duces tecum to be issued to Nixon Peabody at two of its offices: (a) a subpoena directed to Nixon Peabody's Chicago, Illinois office, commanding production of documents at Veritext, 1 N. Franklin, Ste. 2100, Chicago, Illinois 60606, on May 5, 2026 (the "Chicago Subpoena," Ex. A); and (b) a subpoena directed to Nixon Peabody's San Francisco, California office, commanding production of documents at O'Melveny & Myers LLP, Two Embarcadero Ctr., 28th Fl., San Francisco, California 94111, on May 5, 2026 (the "San Francisco Subpoena," Ex. B). Each subpoena was accompanied by Attachment A, containing Requests for Production Nos. 1–8, and Exhibit A, a copy of the Protective Order entered in the AT&T Case. (Ex. H.)

3. The Chicago Subpoena was served on April 16, 2026, on Nixon Peabody's registered agent, Cogency Global Inc., at 600 South Second Street, Suite 404, Springfield, Illinois. (Ex. C.) The San Francisco Subpoena was served on April 20, 2026, at Nixon Peabody's San Francisco office. (Ex. D.)

4. On April 30, 2026, Nixon Peabody served written objections and responses to the subpoenas. (Ex. E.) Nixon Peabody's principal objection is that production of the requested materials is barred by a Protective Order entered in the Motorola Litigation (Ex. G) and by the confidentiality provisions of a settlement agreement among the Motorola Litigation parties (Ex. I, Section 12), absent the consent of Lemko, Motorola, and five individually named Motorola-case defendants.

5. The parties have met and conferred extensively regarding this dispute but have reached an impasse. (Ex. F; Ex. K.) The meet-and-confer process included a telephonic conference

on May 5, 2026, followed by extensive written correspondence through July 12, 2026, and a further telephonic conference on or about July 8, 2026, at which the parties confirmed their impasse. (Ex. F; Ex. K.) AT&T proposed that Nixon Peabody produce the withheld materials under the "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" designation available under the Protective Order entered in the AT&T Case (Ex. H), which limits disclosure to outside counsel and their support staff. Nixon Peabody declined this proposal.

## REQUESTS FOR PRODUCTION AT ISSUE

6.      The subpoenas seek production of documents responsive to the following Requests for Production (Nos. 1–8):

**Request No. 1:** All unredacted deposition transcripts of Shaowei Pan.

**Request No. 2:** All unredacted deposition transcripts of fact witnesses who testified in the Motorola v. Lemko Case.

**Request No. 3:** All unredacted deposition transcripts of expert witnesses who testified in the Motorola v. Lemko Case.

**Request No. 4:** All unredacted expert reports served in the Motorola v. Lemko Case.

**Request No. 5:** All unredacted Daubert motions filed in the Motorola v. Lemko Case.

**Request No. 6:** All unredacted summary judgment motions filed in the Motorola v. Lemko Case.

**Request No. 7:** All settlement agreements reached concerning the Motorola v. Lemko Case.

**Request No. 8:** All documents concerning Motorola's SC300, Lemko and Huawei's EasyGSM BTS, Lemko and Huawei's distributed mobile architecture (DMA) or control and soft switch element (CASSE) technology, or Lemko's Node 3 Products.

3

**JURISDICTION AND VENUE**

7.      This Court has jurisdiction over this miscellaneous action pursuant to 28 U.S.C. § 1651 and Federal Rule of Civil Procedure 45(d)(2)(B)(i). Under Rule 45(d)(2)(B)(i), a motion to compel compliance with a subpoena must be filed in the court for the district where compliance is required. The Chicago Subpoena (Ex. A) commands production in the Northern District of Illinois. Accordingly, this is the proper district for enforcement of the Chicago Subpoena. This motion requests documents in Nixon Peabody's possession, custody, or control located in or retrievable from its Chicago office.

**RELIEF REQUESTED**

8.      Movants respectfully request that this Court enter an order compelling Nixon Peabody to produce all documents and materials responsive to Requests for Production Nos. 1 through 6 and 8 of the Chicago Subpoena (Ex. A) that are in its possession, custody, or control and are located in or retrievable from its Chicago office, to the extent not already produced. Nixon Peabody has produced a Settlement Agreement responsive to Requests for Production No. 7. Movants further request that all documents produced be designated and treated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" under the Protective Order entered in the AT&T Case (Ex. H), thus affording appropriate protection to any confidential material contained therein. Movants additionally request that, to the extent Nixon Peabody withholds any responsive document on a claim of privilege or work-product protection, it be required to serve a privilege log consistent with Fed. R. Civ. P. 45(e)(2)(A).

9.      The grounds for this Motion are set forth in detail in the contemporaneously filed Memorandum of Law in Support of Movants' Motion to Compel Compliance with Subpoena Duces Tecum, which is incorporated herein by reference, and the Declaration of Brian O. Watson in Support thereof.

## LOCAL RULE 37.2 CERTIFICATION

10. Pursuant to Northern District of Illinois Local Rule 37.2, counsel for Movants certifies that the parties have met and conferred in good faith in an effort to resolve this discovery dispute without Court intervention. Specifically:

(a) On May 5, 2026, counsel for Movants and counsel for Nixon Peabody conferred by telephone regarding the scope of the subpoenas and the documents sought. (Ex. F.)

(b) Between May 5, 2026 and July 12, 2026, the parties engaged in extensive written correspondence regarding the production dispute. (Ex. F.)

(c) On or about July 8, 2026, counsel for Movants and counsel for Nixon Peabody conferred further regarding the production dispute and confirmed that they had reached an impasse. (Ex. K.)

Despite these good-faith efforts, the parties have been unable to resolve the dispute, and judicial intervention is necessary.

## CONCLUSION

For the foregoing reasons, and as more fully set forth in the accompanying Memorandum of Law, Movants respectfully request that this Court grant this Motion and enter the proposed order compelling Nixon Peabody's compliance with the subpoenas, together with such other and further relief as the Court deems just and proper.

Dated: July 16, 2026

Respectfully submitted,

*/s/ Brian O. Watson*
Brian O. Watson
RILEY SAFER HOLMES & CANCILA LLP
1 South Dearborn Street, Suite 2200
Chicago, IL 60603
Telephone: (312) 472-8700
bwatson@rshc-law.com

John Kappos (*pro hac vice* forthcoming)
O'MELVENY & MYERS LLP
2801 North Harwood Street, Suite 1600
Dallas, TX 75201
Telephone: (972) 360-1900
jkappos@omm.com

*Counsel for Movants AT&T Enterprises LLC,
AT&T Mobility LLC, AT&T Mobility II LLC,
and AT&T Services, Inc.*