**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| AT&T INC., AT&T ENTERPRISES LLC, AT&T COMMUNICATIONS LLC, AT&T MOBILITY LLC, AT&T MOBILITY II LLC, and AT&T SERVICES, INC.,<br><br>Movants,<br><br>v.<br><br>NIXON PEABODY LLP,<br><br>Respondent. | Case No. 1:26-cv-8471<br><br>(Relating to: *Lemko Corporation v. AT&T Inc., AT&T Enterprises LLC, AT&T Communications LLC, AT&T Mobility LLC, AT&T Mobility II LLC, and AT&T Services, Inc.*, No. 2:25-cv-00305-JRG (E.D. Tex., Marshall Division)) |

**JOINT STATUS REPORT**

Under the Court's August 20, 2026 minute order (Dkt. 22), Movants AT&T Inc., AT&T Enterprises LLC, AT&T Communications LLC, AT&T Mobility LLC, AT&T Mobility II LLC, and AT&T Services, Inc. (collectively, "AT&T" or "Movants") and Respondent Nixon Peabody LLP ("Nixon Peabody") respectfully submit this Joint Status Report regarding (1) what is and is not in dispute on AT&T's Motion to Compel Compliance with Subpoena Duces Tecum (Dkt. 1) (the "Motion"), (2) the production items actually sought by AT&T at this point, and (3) Lemko Corporation's ("Lemko") position on production of those items.

## I. Background

On July 16, 2026, AT&T filed its Motion to Compel (the "Motion") seeking compliance with subpoenas duces tecum served upon Nixon Peabody in connection with *Lemko Corporation v. AT&T Inc., et al.*, No. 2:25-cv-00305-JRG (E.D. Tex.) (the "AT&T Case"). AT&T also served a copy of the Motion on Lemko's counsel.

The subpoenas contain eight Requests for Production (Nos. 1–8)[1]. On August 20, 2026, the Court held a hearing on the Motion and ordered the parties to confer further to (a) identify what is and is not in dispute on the Motion, (b) discuss more specifically the production items actually sought by AT&T at this point, and (c) learn more about Lemko's position on production of those items, including in regard to the Protective Order issued in a prior case, *Motorola, Inc. v. Lemko Corporation, et al.*, No. 1:08-cv-05427 (N.D. Ill.) (the "NDIL Protective Order").

[1] Nixon Peabody has produced documents responsive to Request No. 7, which is therefore not the subject of the present Motion.

## II. Production Items Sought by AT&T and Status of Each Request

### A. Request No. 1: Unredacted Deposition Transcripts of Shaowei Pan

**AT&T's Position**: AT&T requests production of unredacted Shaowei Pan (alleged inventor of patents asserted in the AT&T Case) deposition transcripts and exhibits as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" ("AEO") under the Eastern District of Texas Protective Order (ECF No. 5-9), which satisfies any additional security measures to preserve the confidentiality required under the *Motorola* Protective Order (ECF No. 5-8 at 18, ¶ 22).

**Nixon Peabody's Position**: Nixon Peabody has indicated that it has unredacted Pan deposition transcripts and exhibits but that the NDIL Protective Order first needs to be addressed.

**Status**: The parties **agree** to limit documents sought under Request No. 1 to the unredacted Pan deposition transcripts and exhibits under AEO (as outlined above). Nixon Peabody has confirmed that it can produce these documents within two weeks of receiving the Court's order granting AT&T's Motion to Compel production of the same.

### B. Request No. 2: Unredacted Deposition Transcripts of Nicholas Labun and List of Other Fact Witnesses

**AT&T's Position**: AT&T requests production of unredacted deposition transcripts and exhibits of fact witnesses in Nixon Peabody's possession under AEO (as outlined above under II.A).

**Nixon Peabody's Position**: Nixon Peabody has indicated that it has unredacted copies of the following documents but that the NDIL Protective Order first needs to be addressed:

| Deposition | Documents |
|---|---|
| Christopher Galvin | Transcript |
| Anthony Chamberlain | Transcript and Exhibits |
| Xiaohong Sheng | Transcript and Exhibits |
| Xiaohua Wu | Transcript and Exhibits |
| Hechun Cai | Transcript and Exhibits |
| Beth Zhang | Transcript and Exhibits |
| Raymond Howell | Transcript and Exhibits |
| Xuefeng Bai | Transcript and Exhibits |
| Nicholas Labun | Transcript and Exhibits |
| Jeff Toler | Transcript and Exhibits |
| Jinzhong Zhang | Transcript and Exhibits |
| Yingchun Xu | Transcript and Exhibits |

| | |
|---|---|
| William Alberth | Transcript and Exhibits |
| Jerome Contro | Transcript and Exhibits |
| Tim Webb | Transcript and Exhibits |
| Michael Salzman | Transcript and Exhibits |

**Status**: The parties **agree** to limit documents sought under Request No. 2 to the unredacted copies of documents identified above under AEO (as outlined above under II.A). Nixon Peabody has confirmed that it can produce these documents within two weeks of receiving the Court's order granting AT&T's Motion to Compel production of the same.

**C. Request Nos. 3 and 4: List of Expert Witness Depositions and Expert Reports**

**AT&T's Position**: AT&T requests that Nixon Peabody provide a list of expert witnesses for whom it has deposition transcripts and exhibits (Request No. 3) and a list of expert reports in its possession (Request No. 4), so the parties may confer in good faith to identify those relevant to the AT&T Case.

**Nixon Peabody's Position**: Nixon Peabody has presently not located any expert witness deposition transcripts or reports.

**Status**: AT&T and Nixon Peabody propose to update on the status of this item in a subsequent status report. *See* infra § IV.

**D. Request No. 5: Daubert Motions**

**AT&T's Position**: AT&T requests that Nixon Peabody provide a list of Daubert motions in its possession, so the parties may confer in good faith to identify those relevant to the present case.

**Nixon Peabody's Position**: Nixon Peabody has indicated that it has not identified any files relating to Daubert motions and does not see any referenced on the docket.

**Status**: AT&T **agrees** to not seek any document production under Request No. 5.

**E. Request No. 6: Summary Judgment Motions and Docket Entries**

**AT&T's Position**: AT&T has agreed to limit this request to the following docket entries from the Motorola Litigation, including unredacted versions of documents and exhibits filed in support of the motions and briefs identified: 786, 787, 789, 790, 796–800, 805–810, 819–822, 840–844, 847–850, 853–856, 858, 859, 862, 868, and 869 under AEO (as outlined above under II.A).

**Nixon Peabody's Position**: Nixon Peabody has indicated that its records reflect it has all the docket entries requested, except for 796–800.

**Status**: The parties **agree** to limit documents sought under Request No. 6 to docket entries 790, 805–810, 819–822, 840–844, 847–850, 853–856, 858, 859, 862, 868, and 869, and the exhibits identified in the table below from the Motorola Litigation under AEO (as outlined above under II.A).

| Docket Entry | Requested Exhibits |
|---|---|
| 806 | 1-38, 40-43 |
| 810 | 1-38, 59-71 |
| 820 | 5-11, 13 |
| 822 Exhibits | T, U, W, X |
| 840 | A, B |
| 841 | A-C |
| 847-849 | 1-47 |
| 850 | 1-38, 59-82 |
| 854 | T-Z, AA, AB, AD, AF, AG |
| 856 | 5-19 |
| 858 | A |
| 859 | A-D |
| 862 | A |
| 868 | A-D |
| 869 | A |

Nixon Peabody has confirmed that it can produce these documents within two weeks of receiving the Court's order granting AT&T's Motion to Compel production of the same.

**F. Request No. 8: Documents Concerning Specific Technologies**

**AT&T's Position**: AT&T has agreed to limit this request to documents containing the key words "SC300," "EasyGSM," "CASSE," and "Node 3."

**Nixon Peabody's Position**: Nixon Peabody stands on its prior objections to Request No. 8. Nixon Peabody states that its electronic Relativity database containing these documents was deleted many years ago and that any documents it does have are not searchable by keyword.

**Status**: AT&T **agrees** to not seek any document production under Request No. 8.

## III. Issues in Dispute

None.

## IV. Lemko's Position

Nixon Peabody reports that it expects to complete its review of materials that may be responsive to the subpoena by Tuesday September 8, 2026. Due to the ongoing review and the volume of materials Nixon Peabody has had to collect, review, and index, Nixon Peabody has not yet contacted counsel for Lemko with the complete list of documents that AT&T has requested for production, subject to an order of the Court authorizing such production. Following completion of its review, Nixon Peabody proposes to contact Lemko counsel next week and will copy AT&T on that notice and will include a copy of this Joint Status Report. Nixon Peabody proposes a further Joint Status Report, on or before Monday, September 14, 2026, that identifies Lemko's position (if any is provided by Lemko).

AT&T reports the following: Lemko previously represented to AT&T that it was not in possession of any of the requested documents. ECF No. 5-16 at 2. AT&T thereafter commenced third-party discovery. ECF No. 5-2, 5-3. Lemko was duly notified of the third-party subpoenas and did not timely object to the subpoenas or file any motion under Federal Rules of Civil Procedure 26(c) and 45(d). Lemko was also duly notified of AT&T's Motion and these proceedings (ECF No. 5-18) and did not timely object, appear, or file any opposition. Lemko has no basis to contend that the documents identified above by the parties are irrelevant. Notably, Lemko did not oppose, and the Court thus granted, AT&T's motion to compel production of the Motorola–Lemko Settlement Agreement in the underlying proceeding in the Eastern District of Texas, in which AT&T stated that "the lawsuit between Motorola and Lemko raises potential issues relating to the inventorship, ownership, validity, and enforceability of Lemko's patents." No. 2:25-CV-00305-JRG, ECF No. 87, 89. Lemko's objections at this juncture are waived and without merit.

DATED: September 3, 2026

Respectfully submitted,

*/s/ John T. Ruskusky*
John T. Ruskusky
Nixon Peabody LLP
70 West Madison
Suite 5200
Chicago, IL 60602
Telephone: (312) 977-4460
jtruskusky@nixonpeabody.com

Varun Raghuram
Nixon Peabody LLP
70 West Madison St
Suite 5200
Chicago, IL 60602
Telephone: (330) 554-6960
Email: vraghuram@nixonpeabody.com

*Counsel for Respondent Nixon Peabody LLP*

*/s/ Brian O. Watson*
Brian O. Watson
Robert P. Foley
RILEY SAFER HOLMES & CANCILA LLP
1 South Dearborn Street, Suite 2200
Chicago, Illinois 60603
Telephone: (312) 472-8700
bwatson@rshc-law.com
rfoley@rshc-law.com

John Kappos (admitted *pro hac vice*)
O'MELVENY & MYERS LLP
2801 North Harwood Street
Suite 1600
Dallas, TX 75201
Telephone: (972) 360-1900
jkappos@omm.com

Miao Liu (admitted *pro hac vice*)
O'MELVENY & MYERS LLP
1625 Eye Street, NW
Washington, DC 20006
202-383-5300
Telephone: (202) 383-5300
mliu@omm.com

*Counsel for Movants AT&T*